### SAMUEL TILLETT *v.* MARY UPTON.

Judgment reversed where rendered on issue joined by defendant, a married woman, unauthorized by her husband or the court.

The husband being sued with the wife, and both cited, the plaintiff might have made his judgment by default final on proving his demand, but it must appear from the record that such proof was made.

APPEAL from the Tenth District Court of Tensas, *Snyder*, J.

*Reeves & Briscoe*, for the plaintiff.    *T. P. Farrar*, for defendant.

VOORHIES, J. This suit was brought against the defendant as the executrix of the last will of her deceased husband, *John Upton*, for the recovery of $998, evidenced by a promissory note signed by the latter in favor of the plaintiff, dated the 20th of January, 1851, and payable, on the 1st of January, 1852, "bearing eight per cent. per annum."

The defendant having contracted a second marriage with *W. M. Wilson*, her husband was also made a party defendant, and both were duly cited.

The defendant, *Mary Upton*, unassisted by her husband, pleaded specially *in limine litis*, that she was not executrix of the succession of *John Upton*, &c. This exception was overruled and a default entered. On the same day, the plaintiff filed a supplemental petition, alleging that *Mary Upton* was the administratrix instead of the executrix of the succession, and prayed for judgment against her as such, for the sum claimed in his original petition.

The defendant, unassisted by her husband, also pleaded specially, that she had never been cited in her capacity as administratrix, and prayed that .the

judgment by default taken against the succession should be set aside. This exception being overruled, she then, still unassisted by her husband, joined issue by pleading a general denial. There was judgment against her, and she took the present appeal, in which she was joined and assisted by her husband.

It is urged that the judgment against her should be reversed, first, because she was not authorized either by her husband or the court to appear and defend this suit. Under the authority of the case of *Adlé* v. *Anty*, 1 An. 260, we think this objection is fatal. There the husband of the defendant, a married woman, was joined in the suit, as in the present case, and a judgment by default was entered against both. Subsequently, the judgment by default was set aside, and the wife alone filed an answer to the merits. Upon that issue the plaintiff went to trial without taking the necessary steps to have the wife authorized to contest the suit, and judgment was rendered in his favor. The court held, that the separate answer of the wife was an unauthorized appearance in court, and reversed the judgment. Here, it is true that, as the answer of the wife must be taken as an unauthorized appearance in court, the judgment by default stood unaffected, and the plaintiff could have made the same final on proving his demand. But this want of proof forms the second objection urged by the appellant. There is no note of evidence in the record. The note declared upon is annexed to and forms a part of the petition. There is no proof of its execution, which was essential to make the judgment by default final. C. P. 312; 12 R. 518. The certificate of the Clerk informs us that the record contains all the documents filed and testimony adduced in the case.

It is, therefore, ordered that the judgment of the court below be reversed, and this case be remanded for further proceedings; the plaintiff and appellee paying the costs of this appeal.